**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 24, 2009[*]
Decided July 6, 2009

**Before**

KENNETH F. RIPPLE, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 09-1561

| | |
|---|---|
| KENNETH C. GRIMES, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Southern District of Indiana, |
| | Evansville Division. |
| *v.* | |
| | No. 3:08-cv-00025-RLY-WGH |
| CSX TRANSPORTATION, INC., | |
| *Defendant-Appellee.* | Richard L. Young, |
| | *Judge.* |

## O R D E R

Kenneth Grimes last worked for the Louisville & Nashville Railroad Company in 1981, several years before the railroad was merged into CSX Transportation, Inc. In 2008 he filed this action against CSX, claiming that during his employment the railroad breached several terms of its collective bargaining agreement with his union. The district court

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2).

dismissed the complaint, reasoning that the Railroad Labor Act, 45 U.S.C. §§ 151-188, placed all of Grimes' claims beyond its subject-matter jurisdiction.

Grimes was hired in 1976 as an electrician apprentice, but the railroad fired him that same year for insubordination. His discharge was overturned in 1979 by the National Railroad Adjustment Board, which ordered that Grimes be reinstated with full seniority rights but without back pay. Grimes returned to work, but then in 1981 he was laid off for economic reasons and never recalled. He immediately sued the railroad and his union, raising several claims about his discharge, reinstatement and furlough. In that suit he also challenged the Board's decision not to award him back pay. All of his claims were decided against him on the merits. *See Grimes v. Louisville & Nashville R.R. Co.*, 583 F. Supp. 642 (S.D. Ind. 1984), *appeal dismissed,*(7th Cir. Apr. 24, 1984); *Grimes v. Louisville & Nashville R.R. Co.*, No. EV 81-130-C (S.D. Ind. Sept. 14, 1984), *aff'd*, 767 F.2d 925 (7th Cir. 1985) (unpublished order). That was the end of the matter until two decades later when Grimes discovered that the railroad had hired other electricians between 1995 and 2000 instead of recalling him.

In his complaint, Grimes accuses the railroad of several contract breaches he characterizes as "frauds." The first, he says, was in 1976 when the railroad convened the disciplinary panel that fired him for insubordination. That action, Grimes insists, was beyond the railroad's power to initiate because he already had been sanctioned with a written reprimand for his infraction. Then in 1979, Grimes continues, the railroad again violated the labor agreement by assigning him a lower apprentice rating that paid less and impaired his seniority rights. This latter action, according to Grimes, not only violated the Board's directive that he be reinstated with full seniority, but also led to him being laid off in 1981. What's more, Grimes adds, the railroad then failed to recall him instead of employees who otherwise would have had less seniority. He seeks only back pay and benefits. Although Grimes asserts in his complaint that these facts give rise to claims under the Railroad Labor Act as well as under Indiana law for fraud, the district court concluded that the Railroad Labor Act provides the exclusive means for resolving disputes arising under railway labor agreements.

Grimes contests the district court's conclusion that it lacked subject-matter jurisdiction, apparently arguing that his characterization of the railroad's actions as "fraudulent" takes his case outside the scope of the Railroad Labor Act. We review de novo whether the district court had subject-matter jurisdiction over Grimes' complaint. *See Int'l Union Pac. of Operating Eng'rs v. Ward*, 563 F.3d 276, 278 (7th Cir. 2009).

Congress created the Railroad Labor Act to govern disputes between railroads and their employees and thus minimize disruption to commerce. *See* 45 U.S.C. § 151a; *Hawaiian Airlines, Inc. v. Norris*, 512 U.S. 246, 252 (1994). As part of the statutory scheme, railroad workers must turn first to internal procedures for resolving "minor" disputes, i.e., disputes

that can be resolved only by interpreting a collective bargaining agreement. *See Andrews v. Louisville & Nashville R.R. Co.*, 406 U.S. 320, 324 (1972); *Monroe v. Mo. Pac. R.R. Co.*, 115 F.3d 514, 516-18 (7th Cir. 1997). For a minor dispute that cannot be resolved internally, Congress granted exclusive jurisdiction to adjudicate the matter to arbitrators on the National Railroad Adjustment Board or an adjustment board established by agreement between the railroad and a union. *See* 45 U.S.C. §§ 152 Sixth, 153 First (i); *Consol. Rail Corp. v. Ry. Labor Executives Ass'n*, 491 U.S. 299, 303-04 (1989). A board's factual findings are not subject to judicial review, and district courts, although empowered to *enforce* board decisions, are limited by the Railroad Labor Act to assessing whether the adjustment board complied with the statute, whether it stayed within the scope of its mandate, and whether any member of the board engaged in fraud or corruption. *See* 45 U.S.C. § 153 First (p), (q); *Bhd. of R.R. Signalmen v. Louisville & Nashville R.R. Co.*, 688 F.2d 535, 536-37 (7th Cir. 1982). In short, district courts lack subject-matter jurisdiction to decide the *merits* of disputes arising out of a collective bargaining agreement between a railroad and its employees. *See Hawaiian Airlines*, 512 U.S. at 252-53. The legal theory underlying the dispute is unimportant; the Railroad Labor Act broadly encompasses all disagreements bearing on the labor agreement and precludes a district court from adjudicating even a dispute ostensibly based on an independent source of federal or state law if "the interpretation of some provision(s)" of the labor agreement "could be dispositive of the plaintiff's claim." *Brown v. Ill. Cent. R.R. Co.*, 254 F.3d 654, 664 (7th Cir. 2001).

The "fraud" label Grimes has attached to his allegations against the railroad is thus unimportant, as are his references to Indiana law. His grievances against the railroad arise from rights conferred, if at all, by the collective bargaining agreement which governed his employment, and that labor agreement is thus central to resolving his contentions. They are, in other words, "minor" disputes that, with one exception, are for an adjustment board to decide without interference by the district court.

The exception is Grimes' claim that the railroad disregarded, not the labor agreement, but the 1979 ruling of the National Railroad Adjustment Board when the railroad purportedly failed to fully restore his seniority rights. The facts giving rise to this obscure theory of relief are buried within a few paragraphs of Grimes' prolix complaint, so it is understandable that the import of his allegations was overlooked by the district court. But pro se complaints must be read liberally, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and we conclude that Grimes says enough in his complaint to state a claim for enforcement of the Board's decision. The district court, then, did have subject-matter jurisdiction to review whether Grimes' seniority rights were fully reinstated as ordered by the Board. This limited jurisdiction, however, did not extend to the other actions of the railroad that Grimes challenged; the collective bargaining agreement—not an order of the Board—is the source of any rights Grimes had to avoid further discipline, to be protected from a layoff, or to be recalled from his furlough. Similarly, although the Railroad Labor Act grants district

courts jurisdiction to hear claims of fraud by members of the *adjustment board*, *see* 45 U.S.C. § 153 First (q), Grimes complains of fraud during the internal company proceedings, not by any member of the adjustment board.

It follows that the district court was mistaken when it concluded that it lacked subject-matter jurisdiction entirely. But the misstep does not require a remand because Grimes' suit against the railroad is frivolous. The district court would have been empowered to ensure that Grimes' seniority rights were properly reinstated, if not for the fact that Grimes faced another, insurmountable obstacle: the Railroad Labor Act requires an enforcement suit to be filed within two years of when a claim accrues. 45 U.S.C. § 153 First (r). If the railroad flouted the Board's reinstatement order by not fully restoring Grimes to his former position when he returned to work, he certainly would have known about that action in 1979 and should have sued years ago. Therefore, this one claim should have been dismissed, not for lack of jurisdiction, but under Federal Rule of Civil Procedure 12(b)(6). *See Andonissamy v. Hewlett-Packard Co.*, 547 F.3d 841, 847 (7th Cir. 2008).

**AFFIRMED**